## RED STAR TRANSPORTATION CO v SILVERMAN

Ohio Appeals, 5th Dist, Muskingum Co

Decided March 23, 1933

Thornburg & Lewis, St. Clairsville, for plaintiff in error.

Graham & Graham, Zanesville, for defendant in error.

MONTGOMERY, J.

There are a number of assignments of error; all of which have been considered, but all of which may be disregarded as not containing any substantial merit, except two assignments, only.

Going first to the claim made in the cross-petition: There is no averment in it and there is no evidence of any fraud, bad faith or inequitable conduct. The cross-petition does not aver that the mistake was mutual, and the evidence does not establish the fact that there was a mutual mistake. In fact, there is a failure on the part of the plaintiff in error to show by clear and convincing evidence that there was any mistake, and that there must be clear and convincing evidence of mistake before a court should intervene and reform an instrument is too well established to warrant either discussion or the citation of any authorities. The Court of Common Pleas properly found against the Transportation Company upon this issue.

The remaining question is whether or not this Transportation Company, being a public utility, can avoid liability under this lease by virtue of the fact that it was not authorized by the Public Utilities Commission of Ohio. In other words, is this such an obligation as comes within the purview of §614-53, GC? This section reads as follows:

"When public utility may issue stocks, bonds, notes, etc.—A public utility or a railroad, as defined in this act, may, when authorized by order of the commission, and not otherwise, issue stocks, bonds, notes and other evidences of indebtedness, payable at periods of more than twelve months after date thereof, when necessary for the acquisition of property, the construction, completion, extension or improvement of its facilities or for the improvement or maintenance of its service, or for the reorganization or readjustment of its indebtedness and capitalization, or for the discharge or lawful refunding of its obligations, or for the reimbursement of moneys actually expended from income or from any other moneys in the treasury of the public utility or railroad not secured or obtained from the issue of stocks, bonds, notes or other evidences of indebtedness of such public utility or railroad within five years next prior to the filing of an application therefore as herein provided, or for any of the aforesaid purposes except maintenance of service and except replacements in cases where the applicant shall have kept its account and vouchers of such expenditures in such manner as to enable the commission to ascertain the amount of money so expended and the purposes for which said expenditure was made.

How and for what purpose commission may authorize issue.—The commission may, by order duly made, authorize the issue of bonds, notes, or other evidences of indebtedness, for the reimbursement of money heretofore actually expended from income for any of the aforesaid purposes, except maintenance of service and replacements prior to five years next preceding the filing of an application therefor, if such application for such consent be made prior to January 1, 1913. Any bonds, notes, or other evidences of indebtedness, payable at periods of more than twelve months after date thereof, may be issued as herein provided, regardless of the amount of the capital stock of the public utility or railroad, subject to the approval of the commission to the excess of such bonds, notes, or other evidences of indebtedness above

the amount of the capital stock of such public utility or railroad, notwithstanding any provisions of the General Code of Ohio now in force to the contrary.

Provided, however, that it shall be the duty of the commission to authorize on the best terms obtainable, such issues of stocks, bonds and other evidence of indebtedness as shall be necessary to enable any public utility to comply with the provisions of any contract hereofore made between such public utility and any municipality."

It is true that this lease does establish an obligation or liability or indebtedness payable more than twelve months after its date, but it was for a part of the operating expenses of the company. It certainly can not be contended that this section is intended to apply to current operating expenses, such as a lease, or such as labor, or contracts of employment which might not be completed within twelve months, or articles of equipment bought under advantageous contract and to be delivered from time to time over a period longer than twelve months.

This statute, in our judgment, was intended for the protection both of the utility in the matter of proper capitalization and for the protection of the investing public. The terms, "stocks, bonds, notes and other evidences of indebtedness," seem to us to have been intended to contemplate proper capitalization of the company and not operating expenses, and the term, "other evidences of indebtedness," might be trust certificates or any other form of capital indebtedness not properly described as stocks, bonds or notes.

The Supreme Court of Ohio, in the case of **Pollitz et v Public Utilities Commission, 97 Oh St, 191,** held that the Public Utilities Commission is empowered to grant authority * * * "to issue stocks, bonds, notes and other evidences of indebtedness, payable at periods of more than twelve months after date, when necessary for the acquisition of property, the construction, completion, extension or improvement of its facilities, and for other purposes specifically set forth. But that section does not permit the capitalization of replacement of equipment or any physical property. These must be kept up from income."

And, again, in the case of **Pollitz v Public Utilities Commission, 99 Oh St, 449,** the court held that expenditures for purposes other than those mentioned in §614-53, GC, can not be the basis for the issue of stock.

The Supreme Court has in these cases in our judgment so construed this section as to make it applicable to capitalization purposes such as we have briefly indicated, and by inference, has held that this section has no application to ordinary indebtednesses incurred in the proper management, control or operation of its business and as a part of the operating expenses.

The Court of Common Pleas was right in holding that this amended answer did not set forth any defense to the claim of the amended petition. The judgment of the Court of Common Pleas is therefore affirmed.

SHERICK, PJ, and LEMERT, J, concur.